Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | | District | |
|---|---|---|---|
| Name (under which you were convicted):<br>JILSON CASTILLO LOBOA/WILLIAM HURTADO CAMPAZ | | | Docket or Case No.:<br>8:11-cr-627-T-23AEP |
| Place of Confinement:<br>FCI-ELKTON, OHIO | | Prisoner No.:<br>55884-018 | |
| UNITED STATES OF AMERICA | | | |

Movant (include name under which you were convicted):

v. JILSON CASTILLO LOBOA

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
United States District Court, Middle District Of Florida, Tampa Division.

8:13 CV 56 T 23 AEP

  (b) Criminal docket or case number (if you know): 8:11-cr-627-T-23AEP

2. (a) Date of the judgment of conviction (if you know): May 03, 2012

  (b) Date of sentencing: May 03, 2012

3. Length of sentence:    97 months

4. Nature of crime (all counts): 46   U.S.C.   §§   70506(a)(b);   and,   21   U.S.C.   §
960(b)(1)(B).

5. (a) What was your plea? (Check one)

   (1)   Not guilty ❑         (2)   Guilty ☒         (3)   Nolo contendere (no contest) ❑

  (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
  or indictment, what did you plead guilty to and what did you plead not guilty to? _____
        N/A

6. If you went to trial, what kind of trial did you have? (Check one)         Jury ❑         Judge only ❑
        N/A

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ❏   No ☒

8. Did you appeal from the judgment of conviction?   Yes ❏   No ☒

9. If you did appeal, answer the following:

   (a) Name of court: _____ N/A _____

   (b) Docket or case number (if you know): N/A _____

   (c) Result: _____ N/A _____

   (d) Date of result (if you know): N/A _____

   (e) Citation to the case (if you know): N/A _____

   (f) Grounds raised: N/A _____

_____

_____

_____

_____

_____

_____

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ❏   No ☒

    If "Yes," answer the following:

    (1) Docket or case number (if you know): N/A _____

    (2) Result: _____ N/A _____

_____

    (3) Date of result (if you know): _____ N/A _____

    (4) Citation to the case (if you know): N/A _____

    (5) Grounds raised: N/A _____

_____

_____

_____

_____

_____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ❏   No ☒

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court: _____ N/A _____

     (2) Docket or case number (if you know): N/A _____

     (3) Date of filing (if you know): N/A _____

(4) Nature of the proceeding: _____ N/A _____

(5) Grounds raised: _____ N/A _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ☒

(7) Result: __ N/A _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: N/A _____

(2) Docket or case number (if you know): __N/A _____

(3) Date of filing (if you know): _____ N/A _____

(4) Nature of the proceeding: _____ N/A _____

(5) Grounds raised: _____ N/A _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ☒

(7) Result: __ N/A _____

(8) Date of result (if you know): _____ N/A _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:     Yes ❑  No ❑    N/A

(2) Second petition:   Yes ❑  No ❑    N/A

Page 5

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____N/A_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: Attorney Was BLATANTLY Ineffective At Plea Negotiation Stage, In Violation Of Petitioner's Const. V, VI Amend. & Due Process Of Law Rights/Guarantees.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
where there was no "benificial" reason(s) to waive Petitioner's direct appellate & Collateral attack rights, where it is clear Article I § 3, cl. 10 Subject-Matter Jurisdiction is lacking ab intio, it was ineffective to do so at Plea Negotiation stage. At time of Plea Negotiation, the case of <u>U.S. v. Bellaizac-Hurtado,</u>  2012 U.S. App. LEXIS 22845, 11th Cir. 11-6-2012 was working its way through Appellate Process, so any reasonably competent lawyer would have investigated area of emerging law and NOT waive any substantial dispositive rights of his client. A review of PACER/West Law would have shown this case from exact same Circuit & would have demonstrated this was a case to request being "held in abeyance" and or, NOT waiving any appellate/collateral attack rights as the same exact factual circumstances were being reviewed in context of a "conditional Plea" deal.   In this very same circuit and district court.  Making counsel's performance, simply reprehensibly per se prejudicially ineffective, warranting VACATUR of this Judgement Of Conviction and sentence; and Repatriation Of Petitioner to the Republic Of Colombia, without the added stress of Immigration processes, as Petitioner was brought here under force of arms, not voluntarily and this court lacked subject-matter-jurisdiction ab initio over any of Petitioner's activities as alleged in the "True Bill" Indictment. _____

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ❑  No ☒   N/A

(2) If you did not raise this issue in your direct appeal, explain why:  No Appeal taken

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ❑  No ☒   N/A

(2) If your answer to Question (c)(1) is "Yes," state:
Type of motion or petition: _____N/A_____
Name and location of the court where the motion or petition was filed: _N/A_

Docket or case number (if you know): __N/A__

Date of the court's decision: __N/A__

Result (attach a copy of the court's opinion or order, if available): ___N/A___

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐   No ☒   N/A

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐   No ☒   N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐   No ☒   N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ___N/A___

Docket or case number (if you know): ___N/A___

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): ___N/A___

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: __N/A__

**GROUND TWO:** Lack Of Article I § 8, cl. 10 Clause Power/Subject Matter Jurisdiction To Interdict/Apprehend/ Pursue Petitioner In Panamanian Territorial Water/Sea. Which Is Where Petitioner Was At All Pertinent Times.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner (and his co-defendant), not being versed in English, obtained the assistance of a Federal Aviation Administration Certificated Commercial Pilot, Instrument Ground Instructor, A&P (with IA Authorisation) to dechipher the affixed USCG MELLON "LE SITREP ONE -GO FAST" report sheet. Which states: "From a position of 8 'nautical miles' ("nm") south of Isla Jicaron, bearing 105°, Petitioner's vessel turned LEFT to a heading og 000° (North)...moving further INTO Panamanian Territorial Sea; then again LEFT, to a heading of 330°, 'Magnetic' (difference between Magnetic & True North has to do with variation at that locale), towards the shores of Isla Jicaron. Which (i) is itself a possession of Panama, so extends Panama's territorial seas a further 12nm, measured from Isla Jicaron's shores (at low tide). So Petitioner, was at all times pertinent INSIDE PANAMA'S TERRITORIAL SEAS. making, U.S. v. Bellazaic-Hurtado, 2012 U.S. App. LEXIS 22845 (11-5-12, 11th Cir.), exactly applicable herein. Meaning, Art. I § 8, cl. 10 "offence" and or "felony" clause inapplicable to Petitioner's conduct. This Court must VACATE Petitioner's Conviction & Sentence & Repatriate Petitioner to Colombia post haste. See also affixed Map of Area with pertinent points drawn in. **Petitioner was apprehended within four hundred (400) feet of Isla Jicaron (Coiba National Park) Clearly Panama Territorial Waters.**

**(b) Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ☒    N/A

    (2) If you did not raise this issue in your direct appeal, explain why: N/A
No Appeal Taken

**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: N/A

    Name and location of the court where the motion or petition was filed: N/A

    Docket or case number (if you know): N/A

    Date of the court's decision: N/A

    Result (attach a copy of the court's opinion or order, if available): N/A

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ☒    N/A

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ☒    N/A

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ☒   N/A

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: N/A

    Docket or case number (if you know): N/A

    Date of the court's decision: N/A

    Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: __N/A_____

_____

_____

_____

_____

GROUND THREE: _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏   No ❏

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏   No ❏

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____


GROUND FOUR: _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏ No ❏

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏ No ❏

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?

If so, which ground or grounds have not been presented, and state your reasons for not presenting them: This is first 2255 Motion, and same is presented under teachings of, Massaro v. United States, 538 U.S. 500, 504 ("Issue can be raised for first time in district court due to Ineffective assistance of [appellate counsel]"); and, Insurance Corp v. Compagnie Des Bauxites, (1982) 456 U.S. 694, 701, 702 ("lack of subject-matter jurisdiction cannot be waived, and no action of parties can confer same on any federal court"). This was not done due to reprehensible per se ineffective assistance of counsel at all critical stages of this judicial proceedings. _____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ☐   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.   N/A _____

_____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: ___Unknown_____

_____

(b) At arraignment and plea: ___Unknown_____

_____

(c) At trial: ___Unknown_____

_____

(d) At sentencing: ___Unknown_____

_____

Page 12

(e) On appeal: _____ No Appeal taken _____

(f) In any post-conviction proceeding: __This is first Post Conviction of Any Kind

(g) On appeal from any ruling against you in a post-conviction proceeding: __N/A_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: ____N/A_____

(b) Give the date the other sentence was imposed: _____N/A_____

(c) Give the length of the other sentence: _____N/A_____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐  No ☒     N/A

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* My Motion Is Timely.   So This Does Not Apply.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: VACATE Conviction & Sentence, ab initio, dismiss indictment Nunc Pro Tunc with prejudice, as it was an ultra vires application of Art. I § 8, cl. 10's provisions. Repatriate Petitioner to the Republic Of Colombia, Post Haste, without INS Proceedings, as Petitioner was brought into United States under force of arms, not "voluntarily" to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on __2nd___ January 2013_____ (month, date, year).

Executed (signed) on __January 2nd, 2013__ (date).

*Jorge L. Gamboa*
_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. I Jorge Levis Gamboa, Reg.# 55883-018, is his Co-defendant, and as per policy of the Bureau Of Prisons, I cannot communicate directly with Movant. So I file, sign and submit this 2255 on Mr. Jilson Castillo Loboa, REG.# 55884-018 to "Preserve His Substantial Rights".

IN FORMA PAUPERIS DECLARATION

_____
[Insert appropriate court]

* * * * *

DTG: 011419Z DEC 11
Originator: USCGC MELLON
Subject: LE SITREP ONE - GO FAST
UNCLAS FOUO //N16217//
SUBJ: LE SITREP ONE - GO FAST
1. SITUATION: MPA SIGHTED SUSPECT TOI IN PANAMA TTS.  MEL
ENTERED PANAMA TTS UNDER US-PANAMA BILAT TO INTERCEPT AND STOP
SUSPECT TOI. PURSUED AND INTERCEPTED TOI IN INTERNATIONAL
WATERS, RECOVERED JETTISONED BALES. TOI CAPSIZED DUE TO
SCUTTLING.
A. PERIOD 010439Z - 011200Z DEC 11
B. NARRATIVE: WHILE ON ROUTINE PATROL IN EASTERN PACIFIC IN
POSIT 0729.8N 08259.7W, MEL RECEIVED TASKING TO PATROL IN SEARCH
OF SUSPECT GO FAST SIGHTED BY MPA IN POSN 0704N 08148W WITH C/S
105T 20KTS. MEL SHIFTED TACON TO D11 AND CHANGED COURSE TO
INTERCEPT STOI. STOI TRAVELING IN TTS OF PANAMA, MEL REQUESTED
TO ENACT US-PANAMA BILAT TO PURSUE STOI IN TTS WITH HELO, CB-
OTH, AND SHIP. REQUEST APPROVED BY D11. MEL ENTERED PANAMA TTS
NW OF COIBA ISLAND, PANAMA POSIT 0735N 08224W. MEL LAUNCHED
HELO. MEL LAUNCHED MEL-1 OTH. HELO GAINED VISUAL OF STOI VIA
MARFLIR. HELO REPORTED STOI DIW. HELO REPORTED STOI U/W, CSE
000T. HELO REPORTED 2 OUTBOARD ENGINES, 03 POB, CENTER CONSOLE
CONTROL, NO INDICATION OF NATIONALITY ON STOI. MEL REQUESTED SNO
FOR ROV UP TO AND INCLUDING SUF & AUF WS/DF. HELO REPORTED STOI
DIW. HELO VECTORED MEL-1 TO STOI. HELO AND MEL-1 REMAINED COVERT
TO OBSERVE STOI. MEL-1 GAINED VISUAL OF STOI, REQUESTED TO
APPROACH VSL AND CONDUCT ROA; AUTHORIZED BY D11. HELO
OBSERVED STOI JETTISON PACKAGES OVER THE SIDE. HELO REPORTED
STOI U/W, C/S 330M 24KTS. HELO VECTORED MEL-1 TO RECOVER
JETTISONED BALES; MEL-1 RECOVERED 13 COMPLETE BALES AND 1
PARTIAL BALE. HELO CONTINUED PURSUIT OF STOI; STOI JETTISONED
ADDITIONAL ITEMS INCLUDING: BLUE BARRELS, CLOTHING, AND ONE
SMALL ITEM (POSSIBLY A CELL PHONE). HELO OBSERVED STOI CREW
USING LIQUID CONTENTS OF BARRELS TO WASH DECKS. HELO VECTORED
MEL-1 FOR INTERCEPT. HELO REPORTED STOI DIW. MEL-1 OBTAINED
POSITIVE CONTROL OF STOI.  MEL REQUESTED ROV TO DETERMINE
NATIONALITY, AUTHORIZED BY D11.  BO AND BTM EMBARKED STOI, NOTED
APPROX 1 FT WATER ABOVE DECK. AS BO COMMENCED ISI, DETERMINED
VSL UNSAFE. DETAINEES AND CONTRABAND TRANSFERRED TO MEL-1. MEL
RECOVERED HELO. STOI CAPSIZED 09 MIN AFTER DETAINEES
TRANSFERRED. MEL-1 RTB WITH DETAINEES AND CONTRABAND.

C. VSL DESC:
VSL NAME: N/A
REGISTRY NUMBER: N/A
VSL OPERATOR NAME: JORGE LEVIS (DOB 16FEB1975)
CREW 1: JILSON AUGUSTO (DOB 02JAN1986)

CREW 2: WILLIAN HURTADO CAMPAZ (DOB 25JUN1987)
FLAG: COLOMBIAN (CLAIMED BY 3 POB)
TYPE: CENTER CONSOLE CONTROLLED OPEN HULLED VSL WITH TWO
OUTBOARD ENGINES: ONE 200HP AND ONE 75HP
LENGTH: 25-35FT
HULL: FIBERGLASS (WHITE WITH BLUE TRIM)
SUPERSTRUCTURE: NA
CABIN LOCATION: NA
TOTAL POB: 3
D. WX:
WINDS: 254T/6KTS
VIS: 7NM
BARO: 29.82 IN
TEMPS: DRY 78 WET 75
CEILING: 953FT
SEA TEMP: 88
SEAS: 185T/2FT
2. ACTION TAKEN:
0439Z: INITIAL A-REPORT OF STOI POSITION AND C/S MADE FROM MPA
TO JIATF SOUTH.
0527Z: SHIFTED TACON TO D11
055XZ: REQUEST TO ENACT US-PANAMA BILATERAL AGREEMENT TO
PURSUE STOI IN PANAMA TTS.
0602Z: REQUEST TO ENACT US-PANAMA BILAT APPROVED.
0639Z: MEL ENTERED PANAMA TTS
0650Z: HELO LAUNCHED ENROUTE STOI
0707Z: MEL-1 LAUNCHED ENROUTE STOI
0709Z: HELO OBTAINED VISUAL OF STOI VIA MARFLIR, REMAINING
COVERT
0711Z: HELO REPORTED STOI DIW POSIT 0739N 082108W
0716Z: HELO REPORTED STOI U/W 360T
0718Z: HELO REPORTED STOI U/W SPEED 24KTS
0720Z: MEL REQUESTED SNO
0723Z: HELO REPORTED STOI DIW
0724Z: MEL LAUNCHED MEL-2, MAINTAINING POSIT ON MEL PORT
QUARTER
0728Z: HELO VECTORING IN MEL-1, MEL-1 APPROX 5 NM FROM STOI
0729Z: MEL-1 OBTAINED VISUAL ON STOI, REMAINING COVERT
0732Z: MEL-2 REPORTED HIGH ENGINE TEMP ALARM; DIW TO ASSESS
ALARM IN POSIT 0742.11N 8216.45W
0734Z: MEL REQUESTED TO CONDUCT ROA
0739Z: AUTHORIZATION GRANTED BY D11 TO CONDUCT ROA
0745Z: MEL-2 SECURED POWER TO PRESERVE BATTERY; REPORTED
CAUSE OF CASUALTY WAS A SHREDDED SERPENTINE BELT
0746Z: MEL-1 CONDUCTED APPROACH TO STOI, REQUESTED HELO
FLOOD LIGHT TO AID APPROACH
0747Z: HELO REPORTED 03 POB ON STOI, REMOVING CLOTHING AND

EXHIBIT # II

KEY: ▭ = VESSEL OF PETITIONER

X = LOCATION PETITIONER'S WAS CAPTURED IN PANAMAS TERRITORIAL SEAS

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,　＊
　　　　　　　　　　　　　＊
Plaintiff-Respondent,　　＊
　　　　　　　　　　　　　＊
　　vs.　　　　　　　　　　＊　Case No.8:11-cr-627-T-23AEP
　　　　　　　　　　　　　＊
JILSON CASTILLO LOBOA,　　＊
　　　　　　　　　　　　　＊
WILLIAM HURTADO CAMPAZ,　　＊
　　　　　　　　　　　　　＊
Defendants-Petitioners,　＊
　　　　　　　　　　　　　＊
_____　＊

## MEMORANDUM OF LAW AND FACT IN SUPPORT OF 28 U.S.C. § 2255 MOTION TO VACATE JUDGEMENT OF CONVICTION & SENTENCE

TO THIS HONORABLE COURT:

COMES NOW, Defendants, Jilson Castillo Loboa & William Hurtado Campaz, ("Defendants"), Pro Se, filing this instant Memorandum of fact and law in support of their 28 U.S.C. § 2255 Motion To VACATE their Judgement of Conviction and Sentence. Defendants pray and urge that this Motion be granted as it raises the issues of "Ineffective Assistance of Counsel" ("IAC") at all critical stages of the proceedings, as recently condemned by the U.S. Supreme Court in two seminal cases; and, "Lack of Subject Matter Jurisdiction, Pursuant to Article I § 8, cl. 10" to apply the "Maritime Drug Law Enforcement Act" ("MDLEA") to defendant's conduct entirely in the Territorial Waters and Seas ("TwS") of Panama, Central America. Defendants urge and pray this motion will be granted for these following reasons, to wit:

1. The U.S. Supreme Court In Re Lafler v. Cooper, (2012) 566 U.S. ___, 132 S.Ct. 1376, 182 L.Ed.2d 398; 2012 U.S. LEXIS 2322; and, Missouri v. Frye, (2012) 566 U.S. ___, 132 S.Ct. 1789, 182 L.Ed.2d 615; 2012 U.S. LEXIS 2472, made it plain that the "Effective Assistance of counsel was Constitutionally necessary at all critical stages of the proceedings, and plea negotiation is one such critical stage".

1

2. This Circuit, in its recent Appellate Opinion, In Re, <u>United States v. Bellazaic-Hurtado</u>, 2012 U.S. App. LEXIS 22845 (11th Cir. 11/6/12), made it plain that Article I § 8, cl. 10, "The Piracy/Felony/Offence" clause does not empower Congress to legislate or apply its MDLEA to drug trafficking activity in Panamanian Territorial waters. See also, entire dissenting opinion, In Re, <u>United States v. Cardales-Luna</u>, 632 F.3d 731, 738 to end of case (1st Cir. 2011). Both which support Defendants' herein legal position.

## I JURISDICTION TO HEAR THIS MOTION:

This district court had original jurisdiction under 18 U.S.C. § 3231; and, 46 U.S.C. §§ 70506(a)(b); and, 21 U.S.C. § 960 (b)(1)(B). It now has jurisdiction pursuant to 28 U.S.C. § 2255. As Defendants were sentenced on May 07, 2012. Less than one year ago.

## II FACTS OF THIS CASE:

Defendants were apprehended in Panamanian Territorial[1] Waters and Seas, on the night of December 1st, 2011 @ approximately 14:19 Zulu (Greenwich Mean Time), by U.S.C.G. Asset, "MELLON". 2 Page Composite Exhibit I sets forth the facts and Global Positioning Coordinates ("GPS"). Which can be summarised to show: "Defendants' vessel ("GFV") was first sighted by a Marine Patrol Aircraft ("MPA") located at, 07-04° N, 081-48°W, about 8 nautical miles (15% longer than a statute (land mile) south of Isla Jicaron, Territorial Seas/Waters of Panama. Making land mass of Panama to left of Defendant's vessel. And puts Defendants' GFV inside Coiba National Park. As defendant was heading 105°, which is 10° more than due east. Then upon sighting USCG assets (eye in the sky/HELO), defendants' vessel turned exactly due north, heading 000°, thereby going closer to the Panamanian mainland, Isla Jicaron, Isla Coiba. USCG assets, report Defendants' GFV again turned left to heading of

footnote 1: Panama Claims a 24 nautical mile contiguous zone (cf, 'Territorial Water Wikipedia')

2

330°, magnetic compas bearing, at 24 knots, **thereby moving closer to Isla Jicaron (and Isla Jicarita), and Isla de Coiba, both parts of the Republic Of Panama, and inside the Coiba National park.**

At this point, marked by an "X" on the accompanying map, labeled as "Exhibit II", Defendants were stopped and apprehended in Panamanian Territorial seas, **after having been chased bu USCG assets, to include HELO and OTH boat. ("Hot Pursuit")., within less than four hundred (400) feet of Isla Jicaron.**

Defendants were eventually brought to the United States, this Court, and tricked into pleading guilty in the complete absence of subject-matter jurisdiction as declared by this Circuit, In Re, Bellaizac-Hurtado, supra.

Defendants were sentenced to 97 months and 144 months respectively, on May 7, 2012. This 2255 Motion follows seeking vacatur of Convictions and sentences.

## III GROUNDS RAISED WITH JURISPRUDENCE IN SUPPORT:

**GROUND I: Attorney Was Blatantly Ineffective At Plea Negotiation Stage, In Violation Of Petitioner's Const. V, VI, Amend., And Due Process Of Law Rights/Guarantees.**

Defendants' attorneys were inefective when they negotiated the direct appeal and 2255 waivers, in that at the exact same time ample legal grounds existed in this circuit to seek a conditional plea, reserving same appellate and 2255 collateral attack rights. As Bellaizac-Hurtado, supra was working its way through this exact court and appellate court. See generally, Williams v. United States, 396 F.3d 1340 (11th Cir. 2005), quoting, United States v. Cockerman, 237 F.3d 1179, 1191 (10th Cir. 2001) (which held challenge to validity of plea waiver held possible through IAC claim in 2255 motion). This is one such case; as an area of exact on point emerging law was directly under counsels' noses, and had it not been for counsels' per se prejudicially

3

ineffective assistance and performance, the outcome would have been different, as Defendants' case would or could have been held in abeyance pending outcome of Bellaizac-Hurtado, supra, or in the alternative a conditional plea could have been sought, to preserve those indispensible rights of Defendants, or jury trial could and should have been sought.

Further, the United States Supreme Court in Lafler, and, Frye, supra, have made it abundantly crystal clear that effective assistance of counsel is Constitutionally required and necessary at all critical stages of the proceedings. And, Plea negotiations is one such critical stage.

For the above reasons, Defenmdants' Appeal/2255 waivers should not be enforced. Though same cannot be validly enforced due to lack of subject matter jurisdiction ab initio, as shall be discussed seriatim.

Wherefore, Defendants request an evidentiary hearing be convened, attorneys be appointed to assist, and VACATE his judgement of Convictions and Sentences.

**GROUND II: Lack Of Article I § 8, cl. 10 Power/Subject Matter Jurisdiction To Interdict/Engage In 'Hot Pursuit'/Apprehend Defendant In Panamanian Territorial Water/Sea/National Park. Which Is Where Defendants Were At All Pertinent Times.**

The recitation in the factual summary, supra, makes it plain in their own words/navigational reports, from USCG Asset MELLON, all interdiction, chasing, i.e., 'Hot Pursuit' and eventual apprehension acts, took place in Panamanian territorial waters. As a preliminary matter, Defendants cite, "Thomas J. Schoenbaum's 'Admiralty and Maritime Law § 2-10, at 29 (2d ed. 1984), for its statement, ("**every island, even those too small for effective occupation, has a territorial sea**".), cf, United States v. Cabbaccang, 332 F.3d 622, 643-644 (9th Cir. 2002). Defendants also state, the individual assisting, in drafting this 2255 Motion (due to fact Defendants are indigent,

4

truly cannot speak or write English sufficiently, or **read, and Navigate by maritime maps**)...is a Federal Aviation Administration, Multi-Engine Land, Instrument Rated, Commercial Pilot; Instrument Ground Instructor (since 1984); Airframe & Powerplant Mechanic (since 1999), with Inspection Authorisation. Whom is very, very, very, very proficient in navigation by magnetic compass, Dead Recokoning, GPS, LORAN C, etc, on land, sea, high sea or air.

As all that was done was, to read the Coast Guard report(s) and plot the coordinates on a map.  Defendants were at all pertinent times within the Coiba National Park, within Panamanian territorial seas/waters.

Thusly, as announced by this Circuit, In Re, <u>United States v. Walker</u>, 59 F.3d 1196, 1198 (11th 1995) ("[i]n essence, the statute was void ab initio, and consequently, the district court lacked subject-matter jurisdiction with respect to that charge").  Same is supported by other announcements in our body of jurisprudence, cf, <u>United States v. Siviglia</u>, 686 F.2d 832, 835 (10th Cir. 1982) ("A Court lacking Jurisdiction cannot render a judgement but must dismiss the cause **at any stage** of the proceedings in which it becomes apparent that jurisdiction is lacking".); cf, also, <u>Hooker v. Boles</u>, 346 F.2d 285, 286 (4th Cir. 1965) ("No authority need be cited for the proposition that, when a court lacks jurisdiction, **any** judgement rendered by it is void and unenforceable".).  Which is the exact case here. The United States Supreme Court, In Re, <u>Insurance Corp. v. Compagnie Des Bauxites</u>, (1982) 456 U.S. 694, 701, 702, announced, ("No action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant"....(internal cites and citations ommitted)..."and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings.  Similarly, a court, including an Appellate Court, will raise lack of subject-matter jurisdiction on its own motion").

5

This is one such case, where it is clear subject-matter jurisdiction is lacking. The only remedy is to VACATE Defendants' Convistions and Sentences and discharge defendants from custody and repatriate back defendants to Colombia, post haste.

This is a STRUCTURAL defect, and the indictment must also be dismissed with prejudice.

## IV EVIDENTIARY HEARING:

Pursuant to Rule 8 et seq, of the Rules Governing 2255 proceedings, Defendants request an evidentiary hearing with individual counsels appointed to represent each individual defendant, with NOAA Certified Marine Chart Reader/Navigator be also appointed to assist. Subsequent to which Defendants' Convictions and Sentences be VACATED and indictment dismissed with prejudice.

Prior to, and including time of this Evidentiary hearing, Defendants herein, including Jorge Levis Gamboa, requests this Honorable Court take mandatory judicial Notice, pursuant to Frazier v. Consolidated Rail Corp., 851 F.2d 1447, 1452 (D.C. Cir. 1988) ("Fed. R. Evid. R. 201(d) 'A court shall take judicial notice if.... supplied with the necessary information.' "), of the case (2255 Motion and Memorandum of law and facts in support) of, United States v. Launo Antonio Reyna-Lara, Case No.: 8:11-CR-372-T-27 AEP (Civil No.: 8:12-CV-2909-T-27 AEP), U.S. District Court, Middle District Of Florida, Tampa Division, specifically,Memorandum of Law and facts In Support from page 4 to page 14, should the Government insist Defendants' herein were in "International Waters". *** Should this Court require, Defendants can and do reserve Right to brief on that specific issue***

## V RELIEF REQUESTED:

Accordingly, based on the above, Defendants request relief as follows, to wit:

6

1) Order the Government to respond to all issues in accord with Rule 5(a) of Rules Governing 2255 Proceedings, and **serve all defendants with copies of all responses until individual counsels are appointed to assist the various defendants at an evidentiary hearing.**

2)   **GRANT** the requested Evidentiary Hearing, and appoint individual counsels to assist the individual defendants, along with NOAA Certified Navigator/Map reader.

3)   **GRANT** this 2255 Motion by **VACATING** all Defendants' Convictions and Sentences.

4)   **GRANT** any and all other relief deemed fair, just and equitable including but not limited to dismissal of the indictment with prejudice.

## VI  CONCLUSION:

Defendants pray and urge this Court to carefully consider this Motion and expeditiously **GRANT** same in full.

Dated: January 2nd, 2013.                    Respectfully Submitted,

*Jorge L. Gamboa*

for, Wilson Castillo Loboa, Pro Se,
Reg.# 55884-018,
William Hurtado Campaz, Pro Se
REG.# 55885-018
Respectively @
FCI-Elkton, P.O. BOX 10
Lisbon, OH 44432

Unknown

## VII  CERTIFICATE OF FILING:

IT IS CERTIFIED (28 U.S.C. § 1746) pursuant to Houston v. Lack, (1988) 487 U.S. 266, 271, that this 2nd day of January, 2013, in accord with Rule 3 Governing 2255 Motions, this motion was filed to the Clerk of this Court by had delivery to the FCI-FTW mailroom staff, first class postage prepaid.

Respectfully,

*Jorge L. Gamboa*

For, Wilson Castillo Loboa, Pro Se,
REG.# 55884-018,
William Hurtado Campaz, Pro Se
REG.# 55885-018

8

Jorge Levia Gamboa, (Houston Unit)
REG.# 55883-018
Federal Correctional Institution
P.O. BOX 15330
Fort Worth, Texas 76119



"LEGAL MAIL"

SCREENED
By USMS

⇔55883-018⇔
Clerk Of Court
801 N Florida AVE
2 nd Flour
Tampa, FL 33602
United States

Federal Correctional Institution
3150 Horton Rd.
Fort Worth, TX 76119
Date _1/2/13_

This enclosed letter was processed through special mailing
procedures for forwarding to you. This letter has been
neither open nor inspected. If the writer raises a question
or problem over which this facility has jurisdiction, you
may wish to return the material for further information or
clarification. If the writer encloses correspondence for
forwarding to another addressee, please return the
enclosure to the above address.