UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.  8:11-cr-627-T-23AEP
       8:12-cv-2780-T-23AEP

JORGE LEVIS GAMBOA-RENTERIA
_____/

**O R D E R**

Pending is Gamboa's motion to alter or amend judgment under Rule 59(e), Federal Rules of Civil Procedure (Doc. 13), the order that denied (Doc. 11) his motion to vacate under 28 U.S.C. § 2255.  Citing *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), the motion to vacate challenges the district court's subject matter jurisdiction.  The order that denied the motion to vacate factually distinguishes *Hurtado*.  (Doc. 11)

*Hurtado* explains that the enforcement of drug trafficking laws in the territorial water of another nation is not authorized by the Maritime Drug Law Enforcement Act, 46 U.S.C. §70503(a), *et. seq*.  Instead, the enforcement of drug trafficking laws of the United States is limited to international water, which is defined as all area beyond twelve miles from land.  *United States v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003).  Because a district court has no subject matter jurisdiction if a vessel was never

observed in international water, the linchpin is whether Gamboa's vessel entered international water.

Gamboa's motion to vacate was denied in part because he admitted in his plea agreement that his vessel was in international water. (Doc. 23 at 17 in 8:11-cr-627-T-23AEP) However, the significance of the distinction between territorial water and international water was not realized when Gamboa pleaded guilty because *Hurtado* issued six months after Gamboa's conviction became final. Gamboa filed his motion to vacate the month after *Hurtado* issued. In responding to the motion to vacate, the United States provided an affidavit from an Assistant Secretary of State for International Narcotics and Law Enforcement Affairs, which affidavit represents that the vessel exited territorial water and was seized in international water. (Exhibit D, Doc. 5, 8:12-cv-2780-T-23AEP) Based on these facts the motion to vacate was denied. (Doc. 11)

An earlier order directed the United States to respond to the motion to alter or amend judgment, which the earlier order summarizes as follows (Doc. 16):

> In his motion [to alter or amend judgment, Gamboa] argues that the vessel moved in a northerly direction from eight miles south of Isla Jicaron, Panama, toward mainland Panama and never entered international water. [Gamboa] states that "there are NONE, whatsoever 'International Water' between Jicaron, Coiba Islands and Panama, so it simply defies the laws of BOTH Physics and Geography to deem an 'International Waters' were entered into by [Gamboa]'s vessel." (emphasis original)
>
> Because this is a jurisdictional issue and in an abundance of caution, the United States should respond to the motion for

> reconsideration and provide a chart that plots the vessel's
> course during the pursuit in relation to the demarcation
> between territorial water and international water.

The United States provides a chart that depicts five locations for Gamboa's vessel, specifically where the vessel was initially observed, where the Coast Guard launched its pursuit craft, where the vessel crossed into international water, where the cargo was jettisoned, and where the vessel was boarded. However, the chart shows no demarcation between territorial water and international water and it identifies only a single distance of "approx 12.25 nmi" north of Isla de Montuosa, which places the vessel in the Gulf of Chiriqui toward Panama. In responding to the chart, Gamboa contends (Doc. 20) that he was not in international water because he was within the "waters of the Coiba National Park system," which encompasses the Isla de Montuosa. If the United States' approximation of "12.25 nmi" is off by approximately one-quarter of a mile, subject matter jurisdiction is exactly lacking. As a consequence, the United States needs to determine more precisely whether the vessel entered international water.

Accordingly, the motion for reconsideration (Doc. 13) is **GRANTED**. The earlier judgment (Doc. 12) is **VACATED**. The clerk must **RE-OPEN** this case. Under 28 U.S.C. § 636 and Local Rule 6.01(b), the district court REFERS to the United States Magistrate Judge (1) the pending motions both to appoint an expert witness and to appoint counsel (Docs. 17 and 21) and (2) the pending motion to take judicial notice. (Doc. 22) The Magistrate Judge must conduct an evidentiary

hearing and file a report and recommendation on whether the United States can prove that Gamboa's vessel was in international water. The report and recommendation must include proposed findings of fact and conclusions of law.

ORDERED in Tampa, Florida, on June 12, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE